**Arturo PARRA, Plaintiff,**

v.

**PRODUCTION MACHINE COMPANY, Production Machine Products, Wanskuck Company, Mossberg Industries and Mossberg-Hubbard Company, Defendants.**

**No. 83 CV 4400.**

United States District Court, E.D. New York.

June 18, 1985.

Michael Weinberger, New York City, for plaintiff.

Semel, Boeckmann & Skydel, New York City, for defendants; Wayne Paul Esposito, of counsel.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This is a diversity action in negligence and strict products liability. Plaintiff seeks to recover for hand injuries allegedly caused by a defective vertical sander manufactured by defendant Production Machine Company ("Production Machine"). The parties have cross-moved for summary judgment on the following issue: Is Mossberg Industries (sued herein as Wanskuck Company, Mossberg Industries and Mossberg-Hubbard Company) liable as a successor corporation for injuries caused by a defective product manufactured by defendant Production Machine?

### Facts

The undisputed material facts are as follows. On December 4, 1980, plaintiff, a

New York resident, was injured while working at his job at Virginia Plak, Ltd. in New York. This injury was caused by a vertical sander manufactured by defendant Production Machine Company, at the time of manufacture a Massachusetts corporation.

In or about May, 1960, all of the assets and certain liabilities of Production Machine were sold to defendant Wanskuck Company, a Rhode Island corporation now known as defendant Mossberg Industries, Inc. No stock was transferred between Production Machine and Wanskuck, and no shareholders in Production Machine became shareholders of Wanskuck.

Pursuant to the sale agreement, Wanskuck purchased all the assets of Production Machine Company, both tangible and intangible. Thus, Wanskuck purchased the right to use the Production Machine Company name on its merchandise. Wanskuck also expressly assumed certain liabilities, although contingent tort liability was not among them. The agreement limited Wanskuck's liability for Production Machine's obligations to those expressly enumerated, and provided that "[Wanskuck] is not assuming ... any obligations or liabilities of [Production Machine] arising or incurred after the date [of the agreement], or any other liabilities ... except as particularly set forth above."

In May, 1961, one year after the asset sale, Wanskuck discontinued the manufacture of Production Machine products in Massachusetts and began manufacture of those products in Rhode Island. Wanskuck continued to manufacture products previously made by Production Machine Company. Included among these was a vertical

sander, which remained substantially the same as that manufactured by Production Machine, and which bore the name "Production Machine Company."

For at least some time after the asset sale, Wanskuck used the name "Production Machine Co.," on a sales brochure advertising a vertical sander, noting that this was a division of Wanskuck. Exhibit K to Plaintiff's Statement of Uncontested Facts. Later, after Wanskuck became Mossberg Industries, a similar brochure said simply "Production Machine," under which appeared the name Mossberg Industries, Inc. Exhibit A to Affidavit of Edward O. Bartlett. Additionally, Mossberg Industries to this day uses the name "Production Machine Company" on stationery, sales brochures and business cards.

### Discussion

█ In New York,[1] a corporation acquiring the assets of another is liable for the torts of its predecessor if "(1) it expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligations." *Schumacher v. Richards Shear Co.*, 59 N.Y.2d 239, 244, 464 N.Y.S.2d 437, 440, 451 N.E.2d 195, 198 (1983). Plaintiff contends that liability for defects in Production Machine products attaches to Mossberg Industries under the "mere continuation" theory or the "de facto merger" theory.[2]

### 1. Mere Continuation

█ The mere continuation exception "refers to corporate reorganization ... where only one corporation survives the transaction; the predecessor corporation

---

1. The parties suggest that the law of either New York or Massachusetts applies to this action. Plaintiff prefers New York, although neither party has briefed the issue; and they agree that whatever law applies, the result would be the same.

2. Plaintiff also suggests that liability exists under the "product line" theory. According to that theory, a successor corporation is liable if it

continues to produce the predecessor's product in the same plant. *See Ray v. Alad Corp.*, 19 Cal.3d 22, 136 Cal.Rptr. 574, 560 P.2d 3 (1977). The New York Court of Appeals has considered and rejected this theory. *Schumacher v. Richards Shear Co.*, 59 N.Y.2d 239, 245, 464 N.Y.S.2d 437, 440, 451 N.E.2d 195, 198 (1983). In light of that holding, this Court, sitting in diversity, cannot adopt such a theory of liability.

must be extinguished." *Schumacher v. Richards Shear Co., supra,* 59 N.Y.2d at 244, 464 N.Y.S.2d at 440, 451 N.E.2d at 198. A continuation "envisions a common identity of directors, stockholders and the existence of only one corporation at the completion of the transfer." *Ladjevardian v. Laidlaw-Coggeshall, Inc.,* 431 F.Supp. 834, 839 (S.D.N.Y.1977).

■ The undisputed facts establish that no stock was transferred between Production Machine and Wanskuck, and there is no identity of shareholders. Neither party, however, has adduced any evidence as to whether there is an identity of directors. More importantly, the evidence is inconclusive as to whether Production Machine Company still exists as a corporate entity. There are suggestions in the parties' affidavits and exhibits that the corporation may exist, although plaintiff's vain attempts to serve a summons and complaint upon Production Machine Company imply that it does not. *Cf. Schumacher v. Richards Shear Co., supra,* 59 N.Y.2d at 244, 464 N.Y.S.2d at 440, 451 N.E.2d at 198 ("Since [predecessor] survived the instant purchase agreement as a distinct, albeit meager, entity," successor could not be considered a mere continuation.).

*2. De Facto Merger*

■ Plaintiff next suggests that defendant Mossberg Industries is liable for the torts of Production Machine Company because there was a de facto merger between the two corporations. A merger contemplates the absorption of one corporation by another, with the latter retaining the absorbed corporation's name and corporate identity. Factors to be considered in assessing whether such a merger took place include continuity of management, personnel, assets and physical location, a continuity of shareholders, and a cessation by the selling corporation of ordinary operations, followed by liquidation and dissolution shortly thereafter. *See Araserv, Inc. v. Bay State Harness Horse Racing and Breeding Assoc.,* 437 F.Supp. 1083, 1091 (D.Mass.1977); *Ladjevardian v. Laidlaw-Coggeshall, Inc., supra,* 431 F.Supp. at 838–39.

■ Once again, the evidence is insufficient to enable the Court to rule on this issue. Nobody has told the Court of the status of the Production Machine Company. Although defendant claims none of Production Machine's "upper management" people came over to Wanskuck, there is no evidence of the corporate structure of either company. Because of this paucity of evidence with respect to material facts, the Court is unable to make an intelligent assessment of these factors.

Numerous issues of material fact exist with respect to both theories of liability, and thus the motions for summary judgment are denied.

SO ORDERED.